MALVIN DOKY v. THE STATE.

No. 638.   Decided May 25, 1910.

Rehearing Denied October 12, 1910.

**Recognizance—Practice on Appeal.**

    Where, upon appeal from conviction of a misdeameanor, the recognizance failed to set out the punishment assessed in the court below, the same was fatally defective.

Appeal from the County Court of Palo Pinto.   Tried below before the Honorable J. C. Houts.

Appeal from a conviction of disturbing the peace; penalty, a fine of $15.

The opinion states the case.

*W. S. Payne,* for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.—Cited Article 887, Code Crim. Procedure; May v. State, 40 Texas Crim. Rep., 196; 49 S. W. Rep., 402; Johnson v. State, 49 S. W. Rep., 594.

McCORD, JUDGE.—The Assistant Attorney-General has filed a motion to dismiss the appeal because of a defective recognizance.   This motion will have to be sustained.   The recognizance fails to state what was the punishment assessed against the appellant in the court below, the language being as follows:   "Conditioned, that the said Melvin Doky, who has been convicted in this case of a misdemeanor and his punishment assessed at ——— as more fully appears by the judgment of conviction duly entered in this cause."   The recognizance must state the punishment assessed in the court below.

The recognizance being defective the case is, therefore, hereby dismissed.

                                                        *Dismissed.*

[Rehearing denied October 12, 1910.   Reporter.] ·